IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| KEVIN ETHERIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-0067 |
| | ) | Judge Trauger / Knowles |
| v. | ) | |
| | ) | |
| LYLE HELTON, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' "Motion To Dismiss For Failure To Exhaust Administrative Remedies." Docket No. 9. Along with that Motion, Defendants have submitted a supporting Memorandum of Law. Docket No. 10.

Plaintiff has a filed a handwritten document which the undersigned will consider a Response. Docket No. 12.

Plaintiff was an inmate of the Giles County Jail located in Giles County, Tennessee at the time that he filed this pro se, in forma pauperis action alleging that Defendants deprived him of medical treatment in violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Docket No. 1.

Defendants filed the instant Motion and supporting Memorandum on November 30, 2009, arguing that this action must be dismissed because Plaintiff has failed to exhaust his administrative remedies by not complying with the grievance procedures in place at the Giles County Jail. Docket Nos. 9, 10. Defendants argue that the Prison Litigation Reform Act, 42

1

U.S.C. § 1997, requires prisoners to exhaust all available administrative remedies prior to filing suit, but that Plaintiff failed to do so. *Id.* Defendants acknowledge that Plaintiff filed numerous grievances, but contend that Plaintiff did not appeal to the Sheriff the responses to any of his grievances as required by the administrative procedures of the Giles County Jail. *Id.* Because Plaintiff did not appeal his grievance responses to the Sheriff, Defendant contends that this action must be dismissed for failure to exhaust his administrative remedies. *Id.*

While Defendants are correct in their assertion that the Prison Litigation Reform Act, 42 U.S.C. § 1997, requires prisoners to exhaust all available administrative remedies prior to filing suit, they have failed to submit any evidence that Plaintiff did not do so. Defendants are asserting allegations of fact regarding the requirements of the Giles County Jail grievance procedure and whether Plaintiff fully availed himself of those procedures.

Local Rule 7.01(a) states in pertinent part as follows:

> **(a) Filing.** Every motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed shall be accompanied by a memorandum of law citing supporting authorities and, *where allegations of fact are relied upon, affidavits or depositions in support thereof.*

(Emphasis added.)

Defendants have not submitted any affidavits, depositions, or other supporting material to demonstrate their allegations of fact. Defendants' bare assertions in their Memorandum are not sufficient to establish Plaintiff's failure to exhaust his administrative remedies.

For the reasons discussed above, the undersigned recommends that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                E. Clifton Knowles
                                                United States Magistrate Judge