IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| KEVIN ETHERIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-0067 |
| | ) | Judge Trauger / Knowles |
| v. | ) | |
| | ) | |
| LYLE HELTON, et al, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Presently pending before this Court is a Motion For Summary Judgment filed by Defendants Sheriff Lyle Helton and Jail Administrator Teresa Mattox. Docket No. 38. Along with their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law, a Statement of Undisputed Facts, the Affidavit of Defendant Mattox, excerpts from Plaintiff's July 21, 2010 Deposition, and excerpts from Plaintiff's August 3, 2010 Deposition. Docket Nos. 39 - 41-7.

Plaintiff has not responded to Defendants' Motion or Statement of Undisputed Facts.

Plaintiff filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. 1983, alleging that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs during his incarceration in the Giles County Jail. Docket No. 1. Plaintiff sues Defendants in their official capacities only. *Id.* Plaintiff seeks the following relief:

"A. Need to see eye specialist, finish surgery.

B. Need to see Dr. for my back, receive medication for pain."

1

*Id.*

As an initial matter, the Court notes the Plaintiff is no longer an inmate of the Giles County Jail. Plaintiff was released from the Jail on December 15, 2009. *See* Docket Nos. 41-2 (Plaintiff's Dep., Vol. II, Exh. 4-FFF, 4-GGG), and 42 (Affidavit of Defendant Mattox, 7). Because the only relief Plaintiff seeks is essentially an Order requiring the Jail to provide him with the medical care he requests, and because Plaintiff is no longer an inmate at the Jail, Plaintiff cannot receive the relief he requests; accordingly, he has failed to state a claim upon which relief can be granted. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Thus, it is unnecessary for the Court to consider the instant Motion. The Court can, pursuant to 28 U.S.C.A. 1915A(b)(1), dismiss this action, *sua sponte*, for failure to state a claim upon which relief may be granted. That statute states as follows:

> **(b) Grounds for dismissal.** - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted.

The undersigned recommends that this action be DISMISSED, for failure to state a claim upon which relief may be granted. The undersigned also recommends that Defendants' Motion for Summary Judgment be DENIED as MOOT.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of

2

service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge