IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| KEVIN ETHERIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-0067 |
| | ) | Judge Trauger / Knowles |
| v. | ) | |
| | ) | |
| LYLE HELTON, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

Presently pending before this Court is a Motion For Summary Judgment filed by Defendants Sheriff Lyle Helton and Jail Administrator Teresa Mattox.  Docket No. 38.  Along with their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law, a Statement of Undisputed Facts, the Affidavit of Defendant Mattox, excerpts from Plaintiff's July 21, 2010 Deposition, and excerpts from Plaintiff's August 3, 2010 Deposition. Docket Nos. 39 - 41-7.

Plaintiff has not responded to Defendants' Motion or Statement of Undisputed Facts.

Plaintiff filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. §1983, alleging that Defendants violated his Eighth and Fourteenth Amendment rights by being deliberately indifferent to his serious medical needs during his incarceration in the Giles County Jail. Docket No. 1. Plaintiff sues Defendants in their official capacities only. *Id.*  Plaintiff seeks the following relief:

"A. Need to see eye specialist, finish surgery.

B. Need to see Dr. for my back, receive medication for pain."

*Id.*

Defendants filed the instant Motion and supporting material on December 27, 2010. Docket Nos. 38 - 41-7. Defendants argue that they are entitled to summary judgment because: (1) Plaintiff has not accomplished service on the proper Defendants; (2) Plaintiff cannot establish that a constitutional violation occurred; and (3) Plaintiff cannot establish that a custom or policy existed which resulted in a constitutional deprivation. *Id.*

For the reasons discussed below, the undersigned concludes that there are no issues as to material fact and that Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED, and that this action be DISMISSED.

## II. Undisputed Facts[1]

Plaintiff had injured his back when he "toted bathtubs" at a previous job. Docket No. 41-1, Deposition of Kevin Etheridge ("Plaintiff's Dep."), Vol. I, 22:1-23:25. Plaintiff reports that he saw a chiropractor a few times after the injury, who informed him that he had a "ruptured disc and a deteriorating vertebrae." *Id.*, 22:2-12. Because he lacked the funds, Plaintiff did not continue to see the chiropractor. *Id.*, 25:13-19.

A couple of years after Plaintiff had back surgery, Plaintiff saw Dr. Pennington for issues with his back. *Id.*, 25:20-26:6. Plaintiff reports being treated by Dr. Pennington for approximately seven months. *Id.*, 27:6-7.

---

[1] The following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

2

Prior to being incarcerated at the Giles County Jail, Plaintiff was involved in a serious automobile accident, for which he was Med-Flighted to Huntsville Hospital. *Id.*, 65:10-66:11; Docket No. 1, Complaint, p. 5. The automobile accident occurred on July 29, 2008, and Plaintiff injured his knee, eye, and back. Plaintiff's Dep., Vol. I, 66:20-68:16, 71:6-19; Complaint, pp. 5-6. Plaintiff was discharged from Huntsville Hospital on August 1, 2008. Plaintiff's Dep., Ex. 1, Discharge Summary. As a result of his involvement in this accident, Plaintiff was held in the Giles County Jail for approximately two weeks in September 2008. Plaintiff's Dep., Vol. 1, 113:7-25; Docket No. 42, Affidavit of Teresa Mattox ("Mattox Aff."), ¶2.

Plaintiff returned to the Giles County Jail on June 4, 2009, to serve time for the DUI, driving on a revoked license, and joyriding. Plaintiff's Dep., Vol. 1, Ex. 2, Facility Admission Form; Mattox Aff., ¶3. Upon his booking, Plaintiff noted that he had broken his back in three places, had his tear duct ripped out of his eye, and needed medication for his back. Plaintiff's Dep., Vol. 1, Ex. 2, Inmate Medical Questionnaire.

Upon his arrival at the Giles County Jail, Plaintiff was asked if he had "any injuries of any kind that need immediate medical attention." Plaintiff's Dep., Vol. 1, Ex. 2, Inmate Medical Questionnaire. Plaintiff was also specifically asked, "Are you currently taking or need to be taking any medication at this time?" *Id.* Plaintiff's response to both questions was "no." *Id.*

Once incarcerated, Plaintiff was unable to inform the Jail nurse of any doctor that had prescribed him medication, or identify any pharmacy where he would pick up a regularly prescribed medication. *Id.* Plaintiff did give the nurse the name of Dr. Pennington, who was retired, but who had treated Plaintiff for his back injury in approximately 1999. *Id.*, Vol. 2, 22:1-23:25, 247:23-248:2; Ex. 4-F. Plaintiff provided no information that he was in need of any

3

follow up treatment for any of the injuries he sustained in the 2008 car accident, or that he had been undergoing any ongoing treatments. Mattox Aff., ¶4.

On June 16, 2009, Plaintiff complained of his nerves making him stressed. Plaintiff's Dep., Vol. 2, Ex. 4-I. Plaintiff was taken to the emergency room and treated on June 19, 2009 by Dr. Mehr by for chest pain. *Id.*, Vol. 2, 197:6-11, Ex. 4-L. Upon his visit to the emergency room, Dr. Mehr declined to prescribe Plaintiff any narcotic medication. *Id.*, Vol. 2, Ex. 4-L.

On June 31, 2009, the Jail nurse saw Plaintiff and placed him on the Centerstone referral list for treatment for anxiety. *Id.*, Vol. 2, Ex. 4-O. On July 24, 2009, Plaintiff was transported to Centerstone for a medical appointment. *Id.*, Vol. 2, 254:3-6, Ex. 4-Q; Mattox Aff., ¶6.

On August 23, 2009, Plaintiff was transported to the emergency room for complaints of "dental pain." Plaintiff's Dep., Vol. 2, 178:21-179:1, 181:1-8, 260:19-261:4, Ex. 4-AA.

On August 27, 2009, Dr. McMasters saw Plaintiff for pain associated with a toothache. *Id.*, 260:19-261:16, Exs. 4-BB, 4-CC. Dr. McMasters extracted a tooth and declined to prescribe Plaintiff with any narcotic medication. *Id.*

On October 27, 2009, Plaintiff was taken to Remke Eye Clinic for evaluation of his eyes. *Id.*, 268:12-24; 271:1-20; Ex. 4-NN. Plaintiff advised the doctor that he had had surgery in his right eye ("OD") and that he was blind in his left eye ("OS"). *Id.*, Ex. 4-NN. On October 28, 2009, the Jail nurse followed up with Dr. Remke in a telephone call. *Id.* At that time, the Jail was advised that Plaintiff's conditions had been ongoing for some time, that they were non-emergent, and that the conditions were things that Plaintiff could take care of later. *Id.*; Mattox Aff., ¶5.

On October 29, 2009, Plaintiff was transported to Hillside Hospital for treatment for low

4

blood pressure and back pain. Mattox Aff., ¶6; Ex. A.

On November 17, 2009, Plaintiff went to Centerstone for treatment of anxiety and depression. Plaintiff's Dep., Vol. 2; Ex. 4-PP.

On November 18, 2009, Plalintiff saw Dr. Garner for pain associated with a toothache. *Id.*, Vol. 2, 277:15-19; Ex. 4-QQ. Dr. Garner extracted several of Plaintiff's teeth and prescribed Plaintiff with hyrocodone, which was administered as directed. *Id.*, Vol. 2, 249:17-22; Ex. 4-QQ.

On November 25, 2009, Plaintiff was taken to the emergency room for pain associated with dry sockets. *Id.*, Vol. 2, 280:1-23; Exs. 4-UU, 4-VV, 4-WW, 4-XX. Plaintiff was not prescribed any narcotic medication. *Id.*, Vo. 2, 284:17-22; Exs. 4-WW, 4-XX.

On December 1, 2009, Plaintiff was taken to Centerstone for medical observation. *Id.*, Vol. 2, 284:17-22; Ex. 4-ZZ. Also on December 1, 2009, Plaintiff was transported to Dr. McMasters for another tooth extraction. *Id.*, Vol. 2, 240:17-22; 284:23-285:8; Ex. 4-AAA. Dr. McMasters prescribed Plaintiff "Motrin as needed." *Id.*

Plaintiff was released from the Giles County Jail on December 15, 2009. *Id.*, Vol. 2, Exs. 4-FFF, 4-GGG; Mattox Aff., ¶7. Since Plaintiff's release from Jail, he has had no treatment beyond prescribed medication for his back, and no treatment for his eye. Plaintiff's Dep., Vol. 1, 74:9-81:23. 84:4-90:21, 123:9-14, 124:24-125:17; Vol. 2, 272:10-23, 290:8-291:10, 353:19-24. Since his release, the only specialized doctors that Plaintiff has seen, the names of whom Plaintiff cannot recall, were required by the Social Security Administration in conjunction with his request for disability benefits. *Id.*

To date, no doctor has indicated that Plaintiff suffered a serious medical condition. *Id.*;

*id.,* 270:9-271:11.

Plaintiff cannot state what type of mold he was exposed to, or state that he was injured as a result of exposure to such mold. *Id.*, 307:6-16, 323:7-22.

### III. Analysis

#### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on December 27, 2010. Docket No. 38. Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statement of Undisputed Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to

any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.

1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

### C.  42 U.S.C. § 1983

Plaintiff alleges violations of his rights pursuant to 42 U.S.C. §1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**D. The Case at Bar**

As an initial matter, the Court notes the Plaintiff is no longer an inmate of the Giles County Jail. Plaintiff was released from the Jail on December 15, 2009. *See* Docket Nos. 41-2 (Plaintiff's Dep., Vol. II, Exh. 4-FFF, 4-GGG), and 42 (Affidavit of Defendant Maddox, 7). To the extent that Plaintiff seeks an Order requiring the Jail to provide him with the medical care he requests, Plaintiff is no longer an inmate at the Jail, and Plaintiff cannot receive that relief.

To the extent that Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs or denied him medical care in violation of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983, the undisputed facts established that: (1) Plaintiff's back and eye issues were long standing, non-emergent problems that did not constitute serious medical conditions; (2) Plaintiff was treated on numerous occasions for these and other issues, none of which required serious emergency medical treatment; and (3) Defendants complied with doctors' orders regarding specific treatment to be administered to Plaintiff.

9

Moreover, Plaintiff has not demonstrated that he was subjected to a substantial risk of serious harm. It is undisputed that, upon his arrival at the Jail, Plaintiff was asked whether he had any injuries of any kind that needed immediate attention and whether he was then-currently taking, or needed to be taking, any medication, and that Plaintiff's response to both queries was negative. It is further undisputed that Plaintiff did not provide any information that he needed any follow up treatment for his car accident injuries, or that he had been undergoing any ongoing treatments. Finally, it is undisputed that, since his release from Jail, Plaintiff has had no treatment beyond prescribed medication for his back, and no treatment for his eye, and to date, no doctor has indicated that Plaintiff suffered a serious medical condition.

For the reasons discussed above, Plaintiff cannot demonstrate that Defendants violated his constitutional rights. Absent a constitutional violation, Plaintiff cannot prevail.[2]

## IV.  Conclusion

For the foregoing reasons, the undersigned concludes that there are no issues as to material fact and that Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants Motion for Summary Judgment be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

---

[2] Because Plaintiff cannot demonstrate that Defendants violated his constitutional rights, the issue of municipal liability is moot. Significantly, however, Plaintiff does not identify any policy, practice, or custom at all, much less attribute it to Defendants or allege that any policy, practice, or custom of Defendants caused him injury.

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge